# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| CHARLES JUSTIN SMITH | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV418-311 |
| | ) |
| WARDEN MORALIS, et al., | ) |
| | ) |
| Defendants. | ) |

# **ORDER**

Proceeding *pro se* and *in forma pauperis*, plaintiff Charles Justin Smith brings this 42 U.S.C. § 1983 action against the Warden and two doctors. Doc. 1. The Court now screens his complaint under 28 U.S.C. § 1915A.[1]

---

[1] Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, to establish procedures to govern civil complaints filed in federal court by prisoners and other detainees. Among the PLRA's procedures is the requirement for this Court to conduct an early screening in all civil cases of any complaint in which a prisoner seeks redress from a government entity or official. See 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. *Id.* Similarly, 42 U.S.C. § 1997e(c)(2) allows the Court, under the same four standards for dismissal listed in § 1915A, to dismiss any prisoner suit brought "with respect to prison conditions." Therefore, the Court examines Plaintiff's Complaint to determine whether he has stated a claim for relief under 42 U.S.C. § 1983.

Smith alleges that he was tested for hepatitis C in March of 2018, and again in July of 2018. Doc. 1 at 5. He then stated that he saw both Dr. Awe and Dr. Agyemang, but that they told him he did not "qualify for treatment," although he notes that he received some form of monitoring. *Id.* Plaintiff hints that this statement may be due to the amount of time he has been incarcerated, but the Court is left to wonder why treatment was denied.

It is well established that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (cites and footnotes omitted). A prisoner states a valid claim, under 42 U.S.C. section 1983, "whether the indifference is manifested by prison doctors in their response to the prisoner's needs . . . or by prison guards in intentionally denying or delaying access to medical care . . . or intentionally interfering with treatment once prescribed." *Id.* at 104-05.

"To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir.

2003).  First, the plaintiff must prove an objectively serious medical need. *Id.*  Second, the plaintiff must prove that the prison official acted with deliberate indifference to that need.  *Id.*

"A serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"  *Id.* (citing *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir.1994)).  In either case, "the medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm."  *Id.* (cite and internal quote omitted).  "That Hepatitis C presents a serious medical need is undisputed."  *Loeber v. Andem*, 487 F. App'x 548, 549 (11th Cir. 2012) (*citing Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004)).

However, to establish the second element, deliberate indifference to that serious medical need, the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence. *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).  Here, it is clear from plaintiff's complaint that he received some treatment, in fact, he

3

received examinations from at least two physicians. He was also monitored. *See* Doc. 1 at 5 (noting that his levels were tested at least twice). He argues that he was refused some (unspecified) treatment due to a failure to "qualify" but "a mere disagreement between an inmate and the prison's medical staff as to the course of treatment does not establish deliberate indifference." *Black v. Ala. Dept. of Corr.*, 578 F. App'x 794, 796 (11th Cir. 2014) (*citing Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). Plaintiff, moreover, does not allege that he suffered any negative health consequences from the refused treatment. *Id.* Thus, at this stage, plaintiff's abbreviated complaint is simply insufficient to survive screening. Despite these failings at this stage in the proceeding, the Court will grant plaintiff leave to file an amended complaint correcting the deficiencies noted above. *See, e.g., Johnson v. Boyd*, 568 F. App'x 719, 724 (11th Cir. 2014) (*pro se* plaintiff may receive a chance to amend); *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (amendment granted when more carefully crafted complaint may state a claim).

Accordingly, plaintiff is **DIRECTED** to file an Amended Complaint within 30 days from the date of this order or face a

4

recommendation of dismissal. Smith is advised that his Amended Complaint will supersede the original Complaint and therefore must be complete in itself.[2] Once he files an Amended Complaint, the original pleading will no longer serve any function in this case.

Meanwhile, it is time for Smith to pay his filing fee. His PLRA paperwork reflects a current balance of $70.59, with $82.86 in average monthly deposits and a $193.33 average monthly balance over the six-month period prior to the date of his Prison Account Statement. Doc. 9. He therefore owes a $38.66 initial partial filing fee. *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall remit the $38.66 and shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.[3]

---

[2] *See Malowney v. Fed. Collection Deposit Grp*, 193 F.3d 1342, 1345 n. 1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading").

[3] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian

**SO ORDERED,** this 9th day of April, 2019.

*[signature: Christopher L. Ray]*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.